IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE GIURBINO, Director of the California Department of Corrections and Rehabilitation; GREG D. LEWIS, Warden of Pelican Bay State Prison; K. CRUSE, Facility Captain; R. SPAULDING, Correctional Counselor; S. TRUJILLO, Correctional Counselor; R.K. BELL, Facility Captain; L. WEBSTER, Correctional Counselor; JOHN DOE, Inmate Appeals Coordinator,<br><br>Defendants.<br>_____ / | No. C 11-2169 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. 1983. He has been granted leave to proceed in forma pauperis in a separate order. For the reasons described below, the complaint is **DISMISSED** pursuant to 28 U.S.C 1915A for failure to state a cognizable claim for relief.

**STATEMENT**

The following facts are alleged in the complaint and set forth in its attachments, and for purposes of an initial review of the complaint they are taken as true. *See* 28 U.S.C. 1915A.

Plaintiff arrived at Pelican Bay State Prison ("PBSP") on August 31, 2010 from another prison. When he arrived, and at his initial classification hearing a few days later, there were no restrictions on his having "contact" visits with his minor children and grandchildren (*see* Compl. Ex. A). On October 15, 2010, his attorney wrote a letter to the PBSP Warden, defendant Greg Lewis, requesting a transfer to another prison (*see* Compl. Ex. B). Lewis responded that the request would be considered at plaintiff's next annual classification review in October 2011 (*see* Compl. Ex. C). Because he had to appear in court, plaintiff spent approximately one month between November and December of 2010 at another prison (*see ibid.*). After he returned to PBSP, another classification hearing was held on December 15, 2010, with defendants Cruse, Trujillo and Spalding (*see* Compl. Ex. D). At that hearing, the classification committee decided to suspend plaintiff's "contact" visits with minor children pending an investigation of an arrest plaintiff had suffered a sex offense against a minor (*see ibid.*). On January 26, 2011, plaintiff again went to another prison for approximately three weeks in order to attend additional court proceedings. After his return, another classification hearing was held on March 1, 2011, with defendants Bell and Webster, and plaintiff's "contact" visits with minor children were not restored (*see* Compl. Ex. F).

Plaintiff challenged the revocation of his "contact" visit privileges in administrative appeals dated December 15, 2010, February 22, 2011, and March 22, 2011. These appeals were rejected for procedural problems (Compl. Exs. E, G, I). On March 26, 2011, plaintiff wrote a letter to Warden Lewis complaining of the foregoing, but he received no response.

## ANALYSIS

**A. STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff claims that defendants deprived him of his "contact" visits with minor children in retaliation for exercising his constitutional rights, specifically his attorney's letter requesting a transfer and his attending court proceedings. Prisoners have no constitutional right to contact visits. *Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994). However, retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. 1983 as a violation of the First Amendment. *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)

3

1  (footnote omitted).  The prisoner bears the burden of pleading the absence of legitimate

2  correctional goals for the conduct of which he complains.  *Pratt v. Rowland*, 65 F.3d 802, 806

3  (9th Cir. 1995).

4        Plaintiff's claim fails at the second and third elements because the complaint and its

5  attachments indicate that his contact visits were revoked because of his prior arrest, not because

6  of his protected conduct.  To establish retaliation, plaintiff must show that his protected

7  conduct, i.e. his attorney's letter and court appearances, were "a substantial or motivating

8  factor" for the revocation of the contact visits with minors.  *See Hines v. Gomez*, 108 F.3d 265,

9  267-68 (9th Cir. 1997).  The records of the classification committee's decision state that the

10  contact visits were revoked because plaintiff had been arrested in the past for a sex offense with

11  a minor, not because of his attorney's letter or court appearances (*see* Compl. Ex. D).

12  Plaintiff's allegations that the visits were revoked because of his attorney's letter and court

13  visits are wholly conclusory and are unsupported, and indeed contradicted, by the records of the

14  classification hearings that are attached to the complaint.

15        Plaintiff alleges that defendants "falsified" the records in stating that his "commitment

16  offense" involved a minor.  Plaintiff is referring a note in the report from the classification

17  hearing of March, 1, 2011, stating that the visits had been revoked at plaintiff's prior

18  classification hearing, on December 15, 2010, because his commitment offense involved a

19  minor (*see* Compl. Ex. F).  However, the report of the hearing is clear that the classification

20  committee did not state that the *commitment offense* involved a minor, but rather that plaintiff

21  had been convicted of other crimes and had suffered an *arrest* for a sex offense against a minor

22  (*see* Compl. Ex. D.).  While the report from March 1, 2011, is inaccurate in describing

23  plaintiff's commitment offense as involving a minor, this does not save plaintiff's claim.  The

24  committee's decision to revoke the visits was made at the prior hearing, was explicitly based

25  upon records of an arrest plaintiff had suffered and not upon his commitment offense or his

26  protected conduct.

27        As the records attached to the complaint contradict plaintiff's conclusory allegation that

28  he lost his contact visits because of his protected conduct, he has failed to plead a cognizable

4

claim for retaliation. Plaintiff's other allegations regarding the denial of and failure to properly process his administrative appeals also fails to state a cognizable claim for the violation of his constitutional rights. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there no constitutional right to a prison administrative appeal or grievance system).

## CONCLUSION

For the reasons set out above, this case is **DISMISSED** for failure to state a cognizable claim for relief.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May   27  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\SIMMONS2169.DSM.wpd