IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br><br>    Plaintiff,<br><br>  v.<br><br>GEORGE GIURBINO, Director of the California Department of Corrections and Rehabilitation; GREG D. LEWIS, Warden of Pelican Bay State Prison; K. CRUSE, Facility Captain; R. SPAULDING, Correctional Counselor; S. TRUJILLO, Correctional Counselor; R.K. BELL, Facility Captain; L. WEBSTER, Correctional Counselor; JOHN DOE, Inmate Appeals Coordinator,<br><br>    Defendants. | No. C 11-2169 WHA (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

    Plaintiff, a California prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. 1983. The complaint was dismissed for failure to state a cognizable claim for relief. He has filed "objections" to the dismissal, which is construed as a motion for reconsideration.

    Where there has been a final judgment, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Plaintiff does not identify the rule under which he seeks reconsideration, so both rules are considered.

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). Under Rule 60(b), reconsideration is granted if one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Plaintiff has not shown clear error, newly discovered evidence, an intervening change in the law, mistake, inadvertence, surprise, excusable neglect, fraud, a void or satisfied judgment, or any other reason justifying relief. Plaintiff simply argues that his claim that defendants deprived him of his "contact" visits with minors in retaliation for plaintiff's exercising his constitutional rights should not have been dismissed. The claim was dismissed because the documents attached to the complaint indicated that defendants deprived him of contact visits with minors because there were indications that plaintiff had previously been arrested for a sexual offense involving a minor, and not because of plaintiff's exercising his constitutional rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (element of retaliation claim is that state actor's adverse action was because of prisoner's protected conduct).

Although pro se pleadings are liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers," Rule 8 requires even a pro se plaintiff to supply "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Ibid.* Here, the only factual allegation supporting the claim that defendants acted because of plaintiff's protected conduct was that defendants deprived plaintiff of the contact visits after

2

plaintiff's protected conduct. Retaliation requires more than simply adverse activity by defendant after a plaintiff's protected speech; rather, there must be a nexus between the two. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore because of this"). The complaint alleged no facts showing a nexus between plaintiff's protected conduct and the deprivation of contact visits, and plaintiff alleges no such facts in his motion for reconsideration.. Indeed, the records attached to the complaint indicated that defendants acted because of records of plaintiff's prior arrest, not his protected conduct. Consequently, plaintiff's factual allegations do not raise his claim that defendants acted because of plaintiff's protected conduct above the level of speculation and conclusion, and he has not shown why the claim should not have been dismissed.

Plaintiff also argues in his motion for reconsideration that he should have been granted leave to amend. Leave to amend should be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). As the documents attached to the complaint established that defendants' reason for depriving him of the contact visits was his prior arrest, it was clear that there was no retaliation for protected conduct and therefore beyond doubt that plaintiff could not prove that he was entitled to relief on a retaliation claim. Further, plaintiff does not describe in his motion for reconsideration what new facts he would allege in his amended complaint, or how he would otherwise amend his complaint, in order to state a cognizable claim for relief. Therefore, there was and continues to be no reason to grant leave to amend the complaint.

For these reasons, the motion for reconsideration (docket number 6) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July  18 , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\SIMMONS2169.REC.wpd

3